IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SONYA HALL                                                                                           PLAINTIFF

v.                                              4:08CV00645-WRW

ST. JOHN MISSIONARY BAPTIST CHURCH                                      DEFENDANT

## ORDER

Pending are Defendant's Motion for Summary Judgment (Doc. No. 22) and Motion to Dismiss (Doc. No. 25). Plaintiff has responded,[1] and Defendant has replied.[2] For the reasons set out below, Defendant's Motions are GRANTED in part and DENIED in part.

## I.     BACKGROUND[3]

In March, 1999, Defendant, a Baptist Church, hired Plaintiff as an executive assistant to the pastor.[4] On January 22, 2007, Defendant demoted Plaintiff to secretary. Defendant terminated Plaintiff's employment on March 19, 2007. Plaintiff alleges Defendant terminated her employment in violation of Title VII[5] of the Civil Rights Act.[6]

An employee who believes her employer violated Title VII may file with the Equal Employment Opportunity Commission ("EEOC") a Charge Information Form, which is an

---

[1]Doc. Nos. 30 and 33, respectively.

[2]Doc. No. 44.

[3]Unless otherwise noted, the facts in the Background section are taken from Defendant's Statement of Material Facts and Plaintiff's Response to those facts. Doc. Nos. 23 and 32, respectively.

[4]Doc. No. 23, Exhibit 1.

[5]42 U.S.C. § 2000e, *et seq.*

[6]Doc. No. 1.

1

intake questionnaire, as well as a Form 5 Charge of Discrimination, which is the official form for alleging violations.

Plaintiff filed her EEOC Charge Information Form, or intake questionnaire, on September 17, 2007.[7] Plaintiff filed her EEOC Form 5 Charge of Discrimination on October 2, 2007. In both documents, Plaintiff alleges that she was discriminated against on the basis of sex and religion. Plaintiff did not allege retaliation. Plaintiff received an EEOC Notice of Right to Sue letter dated April 28, 2008. Plaintiff filed suit on July 30, 2008, alleging that Defendant discriminated against her based on gender and religion, and retaliated against her based on her religious practices.

## II.	SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[8] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[9]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should be granted only when the movant has established a right to the judgment beyond controversy.[10] Nevertheless, summary judgment promotes judicial economy

---

[7]Doc. No. 39.

[8]*Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[9]*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

[10]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

2

by preventing trial when no genuine issue of fact remains.[11] I must view the facts in the light most favorable to the party opposing the motion.[12] The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact. It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion. Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue. If the respondent fails to carry that burden, summary judgment should be granted.[13]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[14]

## III. DISCUSSION

### A. Timeliness

A charge alleging a violation of Title VII must be filed within 180 days after the alleged unlawful employment practice occurred.[15] The type of employment practices that qualify as discrete (separate) unlawful employment actions are set out in 42 U.S.C. § 2000e-2 .

The United States Supreme Court has found that "[t]here is simply no indication that the term 'practice' converts related discrete acts into a single unlawful practice for the purposes of

---

[11]*Id.* at 728.

[12]*Id.* at 727-28.

[13]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[14]*Anderson*, 477 U.S. at 248.

[15]42 U.S.C. § 2000e-5(e)(1). "A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." *Id.*

3

timely filing."[16] Further, the Supreme Court has "repeatedly interpreted 'practice' to apply to a discrete act . . . even when it has a connection with other acts."[17] A complainant, then, must file a separate charge in connection with each alleged discrete discriminatory act. A discrete discriminatory act is not actionable if time-barred.[18] An unlawful employment practice occurs on the day that it happens.[19]

 1. **Demotion**

In her EEOC Charge Information, filed on September 17, 2007, Plaintiff alleges that Defendant unlawfully demoted her on January 22, 2007.[20] A demotion based on gender or religious discrimination is a discrete unlawful employment practice. With respect to her demotion, Plaintiff's Charge Information Form was filed well after the 180-day filing period. So, Plaintiff's claim with respect to demotion is time-barred. Defendant's Motion for Summary Judgment is granted in connection with Plaintiff's demotion claim.

 2. **Termination**

On March 19, 2007, Defendant terminated Plaintiff's employment. Plaintiff had 180 days from March 19, 2007 -- that is, until Saturday, September 15, 2007 -- to file a charge. Holidays and weekends are counted in the calculation of the filing deadline, but, when the deadline falls on a weekend or holiday, the complainant has until the next business day to file. Plaintiff filed her EEOC Charge Information on September 17, 2007, the first business day after September 15,

---

[16]*Id.* at 111.

[17]*Id.*

[18]*Id.* at 113; *Betz v. Chertoff*, 578 F.3d 929 (8th Cir. 2009).

[19]*Amtrak v. Morgan*, 536 U.S. 101,110 (2002).

[20]Doc. No. 39.

2007. Plaintiff's Form 5 Charge of Discrimination was not filed until October 2, 2007, more than 180 days after the alleged unlawful employment practice. Plaintiff's Form 5 Charge of Discrimination was filed after the 180-day deadline. Plaintiff's claims are time-barred unless Plaintiff's Form 5 Charge of Discrimination relates back to the date of the filing of her Charge Information Form.

In *Shempert v. Harwick Chemical Corporation*, the Eighth Circuit Court of Appeals focused on Title VII's requirement that a charge be made under oath and found that an unsigned, unverified intake questionnaire did not satisfy the statutory requirement for an administrative charge.[21]

Four years later, the United States Supreme Court decided *Edelman v. Lynchburg College*.[22] In that case, Lynchburg College denied Edelman academic tenure.[23] Within the filing period, Edelman faxed to the EEOC a letter alleging that Lynchburg discriminated against him based on gender, national origin, and religion.[24] Edelman did not make an oath or affirmation in the letter.[25] Edelman's later-submitted EEOC Form 5 Charge of Discrimination, which was verified by oath or affirmation, was received by the EEOC 13 days after the expiration of the statutory filing period.[26] The district court and Fourth Circuit Court of Appeals found that

---

[21]*Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 796 (8th Cir. 1998).

[22]535 U.S. 106 (2002).

[23]*Id.* at 109.

[24]*Id.*

[25]*Id.*

[26]*Id.*

5

Edelman's initial letter to the EEOC did not constitute a charge to which Edelman's Form 5 Charge of Discrimination could relate back, and that his claims were time-barred.[27]

In its analysis in *Edelman*, the Supreme Court noted that "charge" is not defined in the statutes, but that the statutes require that a charge be verified and filed within the given period.[28] Edelman argued that, for purposes of the filing period, a regulation -- 29 C.F.R. § 1601.12(b) -- defined a charge as a written statement precise enough to identify the parties and describe the action complained of, and allowed a charge to be amended to cure technical defects or omissions. Edelman pointed out that under § 1601.12(b), a perfected charge would relate back to the date on which the original charge was filed. The Supreme Court agreed, and remanded the case to the Fourth Circuit Court of Appeals to consider whether Edelman's letter to the EEOC met § 1601.12(b)'s relation-back requirements. On remand, the Fourth Circuit found that the letter met the relation-back requirements.[29]

Apparently, *Edelman* overruled *Shempert* to the extent that, under *Shempert*, an unverified intake questionnaire could not constitute a charge. *Edelman* apparently instructs courts to consider whether a writing includes the type of information that should be in a Form 5 Charge of Discrimination,[30] and, if so, whether a perfected charge relates back.

---

[27]*Id.* at 111.

[28]*Edelman*, 535 U.S. at 112.

[29]*Edelman v. Lynchburg College*, 300 F.3d 400 (4th Cir. 2002).

[30]Under 29 C.F.R. § 1601.12(a), a charge should contain the full name, address, and telephone number of the person making the charge; the full name and address of the person against whom the charge is made; a clear, concise statement of facts, including dates, constituting the alleged lawful practice; the approximate number of employees of the employer; and disclosure if proceedings have been commenced before a state or local agency.
  29 C.F.R. § 1601.12(a).

6

Defendant argues that, under *Shempert*, Plaintiff's claim is time-barred.[31] Neither party cites *Edelman*. I find, however, that *Edelman* controls. Under *Edelman*, courts analyze the contents of a writing to determine whether the writing falls under § 1601.12(b) for relation-back purposes.

Plaintiff's Charge Information Form contains her name, address, and telephone number. The Form includes Defendant's name and address, and the approximate number of individuals employed by Defendant. The Form includes a description of the alleged unlawful practices, along with dates. Plaintiff declared under penalty of perjury that the information in the Form is true and correct. Plaintiff's Charge Information Form meets § 1601.12(b)'s relation back requirements.[32] Plaintiff's October 2, 2007, Form 5 EEOC Charge of Discrimination relates back to her EEOC Charge of Information Form. Accordingly, Plaintiff's wrongful termination claim was filed with the EEOC in a timely manner, and summary judgment is denied with respect to this claim.

**B.     Outrage**

---

[31]Doc. Nos. 24, 44.

[32]This decision is consistent with other district court decisions. See, e.g., *Barzanty v. Verizon Pa., Inc.*, No. 06-879, 2007 U.S. Dist. Lexis 95273 (W.D. Pa. Nov. 5, 2007); *Fox v. Thermoform Plastics, Inc.*, No. 06-4507, 2007 U.S. Dist. Lexis 60395 (D. Minn. Aug. 16, 2007); *Gibbs v. Am. Sch. For the Deaf*, No. 3:05CV563(MRK), 2006 U.S. Dist. Lexis 3203 (D. Conn. Jan. 19, 2006); *Nesemeier v. Commonwealth Land Title Ins. Co.*, No. 03-1971(RMU), 2004 U.S. Dist. Lexis 18496 (D.D.C. Sept. 10, 2004); and *Sifferman v. Bd. of Regents*, 250 F. Supp. 2d 1139 (E.D. Mo. 2003). But see, *Hewett v. Univ. of Ark. for Med. Sciences*, No. 4:08CV04166, 2009 U.S. Dist. Lexis 24705 (E.D. Ark. Mar. 13, 2009) ("The case law in the Eighth Circuit clearly establishes that Intake Questionnaires 'do not satisfy the statutory requirement for an administrative charge.'") (citing *Shempert v. Harwick Chemical Corp.*, 151 F.3d 793, 796 (8th Cir. 1998).

Defendant asserts Plaintiff's outrage claim should be dismissed for failure to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[33] Defendant attaches excerpts from Plaintiff's deposition to its Motion. If a 12(b)(6) motion presents matters outside of the pleadings, the Court must treat the motion as a motion for summary judgment.[34] The summary judgment standard was set out above.

To establish a claim for outrage, a plaintiff must demonstrate each of the following elements:

> (1) the actor intended to inflict emotional distress or knew or should have know that emotional distress was the likely result of his conduct; (2) the conduct was 'extreme and outrageous,' was 'beyond all possible bounds of decency,' and was 'utterly intolerable in a civilized community'; (3) the actions of the defendant were the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was so severe that no reasonable person could be expected to endure it.[35]

The Arkansas Supreme Court "takes a strict view in recognizing an outrage claim, particularly in the context of employment relationships."[36]

With respect to the tort of outrage, how an employee's termination of employment is accomplished could create liability for an employer.[37] In *Crawford County v. Jones*,[38] the Arkansas Supreme Court noted that it had held that a plaintiff met the standard for proving

---

[33]Doc. No. 25.

[34]Fed. R. Civ. P. 12(d).

[35]*Marlar v. Daniel*, 368 Ark. 505, 509-10 (2007).

[36]*Crawford County v. Jones*, 365 Ark. 585, 597 (2006).

[37]*Harris v. Arkansas Book Co.*, 287 Ark. 353, 356 (1986).

[38]365 Ark. 585 (2006).

8

outrage in only one employment termination case:[39] *Tandy Corp. v. Bone*.[40] In *Tandy*, when Tandy Corporation thought that an employee -- Bone -- might be stealing money or merchandise, Bone's supervisor and two security officers came to the store and questioned Bone at thirty-minute intervals throughout the day.[41]

Bone suffered from a personality disorder "that made him more susceptible to stress and fear than someone who did not have the personality disorder," and had been taking a tranquilizer prescribed by his psychiatrist for three years before the incident.[42] Bone alleged that the security officers cursed him, threatened him, and did not allow him to take his prescribed medication after he had asked to at least three times.[43] When Bone was taken to another location for a polygraph test, he hyperventilated.[44] After a failed attempt to return to work the following day, Bone was hospitalized for a week.[45] The Arkansas Supreme Court "emphasized the fact that the employer had notice of Bone's condition [as] the only basis for a jury question on the issue of outrage."[46]

Plaintiff's Complaint alleges only that on or about March 19, 2007, Plaintiff was discharged from her position because of her religious practices, and that Defendant's actions

---

[39]*Id*. at 597-98.

[40]283 Ark. 399 (1984).

[41]*Tandy*, 283 Ark. at 405.

[42]*Id*. at 406.

[43]*Id*. at 405.

[44]*Id*.

[45]*Id*. at 406.

[46]*Crawford County v. Jones*, 365 Ark. 585, 598 (2006).

9

were motivated by a desire to inflict emotional distress on Plaintiff.[47] Plaintiff's description of the manner in which the termination of her employment was carried out is consistent with Defendant's termination letter.

In this case, the termination of Plaintiff's employment was carried out as follows: on March 19, 2007, Defendant informed Plaintiff that her employment was terminated because she attended services at another church and because "people do not like [her]."[48] Plaintiff was asked to leave Defendant's premises immediately, and to return on March 23, 2007, between 9:00 a.m. and noon, to collect her personal items.[49] Plaintiff, however, gathered her personal items before she left Defendant's premises on March 19.[50]

Based on Plaintiff's description of the manner in which her termination occurred, I find that Plaintiff cannot prove the second element of the tort of outrage -- that Defendant's conduct was extreme and outrageous, was beyond all possible bounds of decency, and was utterly intolerable in a civilized community. Further, Plaintiff's description of the emotional distress she sustained does not appear so severe that no reasonable person could be expected to endure it.[51]

When asked at her deposition to describe the extreme mental anguish she suffered, Plaintiff responded that she "took a lot of hurt," and that being terminated from her job took a toll on her financially.[52] Plaintiff testified that "[i]t was just a lot of mental stress all around

---

[47]Doc. No. 1.

[48]Doc. No. 36.

[49]*Id.*

[50]*Id.*

[51]See Doc. No. 26.

[52]Doc. No. 24, Exhibit 4.

having to deal with it," and that "[i]t was a struggle to keep things going to take care of my son."[53] Plaintiff never saw a doctor, and never took any medication in connection with her emotional distress.[54] Plaintiff stated that she needed God, and went directly to him for help, rather than to a doctor.[55] While Plaintiff was obviously distraught about the loss of her job, the emotional distress she suffered was not so extreme as contemplated by the tort of outrage. Accordingly, summary judgment in connection with Plaintiff's outrage claim granted on this point.

    C.    **Disparate Treatment based on Religion**

Defendant asserts that Plaintiff's First Amendment claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[56] Plaintiff disagrees.[57]

    1.    **Standard of Review**

In ruling on a Rule 12(b)(6) motion to dismiss, a court "accept[s] as true all of the factual allegations contained in the complaint, and review[s] the complaint to determine whether its allegations show that the pleader is entitled to relief."[58] All reasonable inferences from the complaint must be drawn in favor of the nonmoving party.[59] A motion to dismiss should not be granted merely because the complaint "does not state with precision all elements that give rise to

---

[53]*Id.*

[54]*Id.*

[55]*Id.*

[56]Doc. No. 25.

[57]Doc. No. 33.

[58]*Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008).

[59]*Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

11

a legal basis for recovery."[60] A complaint need only contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'"[61] "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint."[62] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[63]

Under the *Twombly* "plausibility standard," the allegations in Plaintiff's Complaint must be evaluated to determine whether they contain facts sufficient to "nudge[] [his] claims across the line from conceivable to plausible."[64] A complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.[65]

### 2. Plaintiff's Claim

Plaintiff's Complaint alleges that "Plaintiff was discharged from her position for her religious practices."[66] Plaintiff's Complaint also alleges that "Defendant's treatment of Plaintiff

---

[60]*Schmedding v. Tnemec Co. Inc.*, 187 F.3d 862, 864 (8th Cir. 1999).

[61]*Id.* (quoting Fed. R. Civ. P. 8(a)).

[62]*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

[63]*Id.* at 555 (citations omitted).

[64]*Id.* at 570.

[65]*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

[66]Doc. No. 1.

was motivated by her sex, female, and in retaliation for her exercise of her First Amendment right to practice religion."[67]

Defendant argues that Plaintiff's Fist Amendment allegations fail to state a claim on which relief can be granted because Defendant is a private entity, and the First Amendment does not apply to the actions of private entities. I agree. The Eighth Circuit Court of Appeals has held that where "the defendant is a private entity, not a governmental entity" the defendant is incapable of violating a plaintiff's First Amendment rights.[68]

It is clear from the language of the First Amendment that it does not apply to the actions of private entities, but to laws made by Congress. It appears, however, that the thrust of Plaintiff's Complaint is not that Defendant violated her First Amendment rights, but that Defendant unlawfully terminated her employment because of, and in retaliation for, Plaintiff's exercise of her First Amendment rights in connection with her religious practices.

Plaintiff's Complaint alleges retaliation, but Plaintiff's EEOC Charge Information Form and EEOC Form 5 Charge of Discrimination do not. A Title VII Plaintiff must exhaust administrative remedies before bringing suit in federal court.[69] A plaintiff may file a civil action only after the EEOC issues a right-to-sue letter following the investigation of a charge.[70] When the EEOC issues a right-to-sue letter, the scope of the civil action is limited to grievances in the

---

[67]*Id*.

[68]*Manson v. Little Rock Newspapers, Inc*., 200 F.3d 1172, 1173 (8th Cir. 2000). See also *Marshall v. Church of the Larger Fellowship*, No. 4:06CV001634JLH/JTR, 2007 U.S. Dist. Lexis 15459 (E.D. Ark. Jan. 17, 2007) (Plaintiffs, who sued a private church, failed to state a viable First Amendment claim.).

[69]42 U.S.C. § 2000(e)-5(f)(1).

[70]*Id*.

charge.[71] Permitting claims that are outside of the EEOC charge would undermine the EEOC's investigatory and conciliatory role, and deprive the charged party of notice.[72]

Defendant's Motion to Dismiss Plaintiff's retaliation claim is granted. If Plaintiff's Complaint does allege that Defendant violated her First Amendment rights, then Defendant's Motion to dismiss that claim is granted, as well.

Plaintiff's claim that Defendant terminated her employment because of her religious practices -- that she attended services at another church in addition to services offered by Defendant -- states a claim that is plausible on its face, especially considering that Defendant's letter terminating Plaintiff's employment refers to Plaintiff's "obvious divided loyalty."[73]

Defendant's Motion to Dismiss Plaintiff's religious discrimination claim is denied.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendant's Motion for Summary Judgment (Doc. No. 22) is GRANTED as to Plaintiff's unlawful demotion claim, but is otherwise DENIED. Defendant's Motion to Dismiss (Doc. No. 25) is GRANTED as to Plaintiff's outrage claim, Plaintiff's retaliation claim -- and Plaintiff's First Amendment claim, if there is one -- but is DENIED in connection with Plaintiff's termination based on religious discrimination claim.

This case is set for trial on March 9, 2010. Based on this Order, the issues that remain for trial are whether Defendant unlawfully terminated Plaintiff's employment based on Plaintiff's

---

[71]*Nichols v. American Nat'l Ins. Co.*, 154 F.3d 875, 886 (8th Cir. 1998).

[72]*Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000); *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994).

[73]Doc. No. 22.

gender or religious practices. The parties are directed to submit agreed-upon jury instructions, to the extent possible, by 5:00 p.m., Thursday, February 25, 2010.

IT IS SO ORDERED this 23rd day of February, 2010.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE