IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

SONYA HALL                                                                                               PLAINTIFF

v.                                            4:08CV00645-WRW

ST. JOHN MISSIONARY BAPTIST CHURCH                                         DEFENDANT

## ORDER

Pending is Defendant's Motion for Costs (Doc. No. 58). Plaintiff has responded.[1]

Plaintiff sued Defendant for employment discrimination, outrage, and other claims. Defendant prevailed on all counts. In its Motion for Costs, Defendant asks for $446.60 for the transcript of Plaintiff's deposition, as well as a little over $200 for witness fees and mileage, for a total of $655.15.[2]

Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs other than attorneys fees "should be allowed to the prevailing party."[3] The losing party has the "burden of overcoming the presumption that the prevailing party is entitled to costs, meaning that the losing party must 'suggest a rationale under which the district court's actions constitute an abuse of discretion.'"[4]  Even if a deposition was not used at trial, a district court has discretion to award costs in connection with the deposition if it was necessary for use in the case, and not just

---

[1] Doc. No. 60.

[2] Doc. No. 58.

[3] Fed. R. Civ. P. 54(d)(1).

[4] *186th & Dodge, LP v. Rave Reviews Cinemas*, 501 F.3d 945, 958 (8th Cir. 2007) (quoting *Janis v. Biesheuvel*, 428 F.3d 795, 801 (8th Cir. 2005)).

1

"purely investigative."[5] A judge may tax as costs "fees and disbursements for . . . witnesses."[6] Witnesses are generally allowed to receive a *per diem* amount, and reimbursement of mileage.[7]

Plaintiff's deposition was necessary in this case. I relied on deposition testimony in deciding Plaintiff's outrage claim. Accordingly, awarding costs connected with the deposition is appropriate.

In connection with witness fees and mileage, Defendant asks for: "Witness fee and mileage for Darryle Hinton (subpoena) 53.23; Witness fee and mileage for Rudolph Howard (subpoena) 52.93; Witness fee and mileage for Friendly Womack (subpoena) 54.44; Witness fee and mileage for Gary Noble (subpoena) 47.95."[8]

Each of these witnesses testified at trial on March 17, 2010.[9] Defendant, however, did not provide any documentation with respect to mileage. Accordingly, I will not award mileage -- I will award only $40 per witness as an attendance fee for a total of $160.00.

The sum of costs in connection with Plaintiff's deposition ($446.60) plus witness attendance fees ($160.00) is $606.60. Defendant's Motion for Costs is GRANTED for costs in the amount of $606.60.

IT IS SO ORDERED this 13th day of April, 2010.

/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[5] *Slagenweit v. Slagenweit*, 63 F.3d 719, 721 (8th Cir. 1995).

[6] 28 U.S.C. § 1920(3).

[7] 28 U.S.C. § 1821.

[8] Doc. No. 58.

[9] Doc. No. 54.